

**Orrick, Herrington & Sutcliffe LLP**
51 West 52nd Street
New York, NY 10019-6142

+1 212 506 5000

**orrick.com**

May 17, 2023

**E. Joshua Rosenkranz**

**E** jrosenkranz@orrick.com
**D** +1 212 506 5380
**F** +1 212 506 5151

**BY CM/ECF**

Peter R. Marksteiner
Circuit Executive & Clerk of the Court
United States Court of Appeals for the
  Federal Circuit
717 Madison Place, N.W.
Washington, DC  20439

     Re:    *Sonos, Inc. v. ITC*, Nos. 2022-1421, -1573

Dear Colonel Marksteiner:

     Sonos responds to Google's April 26, 2023 letter.  *01 Communique Laboratories, Inc. v. LogMein, Inc.*, 687 F.3d 1292 (Fed. Cir. 2012), applied a common-sense interpretive rule:  A claim permitting a group of objects to contain multiple items ordinarily does not require all items to appear together in any one object.  Opening Br. 31-32; Sonos Reply 4-7.  *Salazar v. AT&T Mobility LLC*, 64 F.4th 1311 (Fed. Cir. 2023), merely shows that a specific claim structure (absent here) can displace that rule.

     The '896 patent's second-message term is a single limitation that permits separate parameters contained within multiple messages.  *Salazar*'s claims are structured differently.  They require "a microprocessor for generating a plurality of control signals."  *Id.* at 1313.  Subsequent limitations further describe what that function entails.  One provides: "said microprocessor creat[es] a plurality of reprogrammable communication protocols."  *Id.*  Another provides: "said microprocessor generat[es] a communication protocol in response to user selections."  *Id.*  Those limitations are not separate like the '896 patent's parameters; they both describe the same function of creating communication protocols.

     That is why *Salazar* held that the same microprocessor must perform each aspect of the function.  *Salazar* draws heavily on *Convolve, Inc. v. Compaq Computer Corp.*, 812 F.3d 1313 (Fed. Cir. 2016), which construed similarly structured claims not to "allow for multiple processors."  *Id.*  *Salazar* concluded that the antecedent claim structure before it "aligns with" *Convolve* and likewise



Page 2

requires "a singular element—'a microprocessor'" to perform all limitations. 64 F.4th at 1317. But *Convolve*'s logic does not extend to the second-message limitation here, which lacks a comparable antecedent structure and allows for multiple messages.

  Google emphasizes the phrase "a dog that rolls over and fetches sticks," which *Salazar* borrowed from *In re Varma*, 816 F.3d 1352, 1363 (Fed. Cir. 2016). Google's briefing did not cite *Varma*. For good reason: There, too, something unique to the patent—its prosecution history—displaced *01 Communique*'s interpretive rule. *Id.* at 1358, 1362. *Salazar* notes that other claims "may" work differently. 64 F.4th at 1317. The claim here does, since nothing in the '896 patent or prosecution history justifies a departure from *01 Communique*.

            Sincerely,

            */s/ E. Joshua Rosenkranz*
            E. Joshua Rosenkranz
            *Counsel for Sonos, Inc.*

cc. Counsel of record (via CM/ECF)