

**Orrick, Herrington & Sutcliffe LLP**
51 West 52nd Street
New York, NY 10019-6142

+1 212 506 5000

**orrick.com**

E. Joshua Rosenkranz

E  jrosenkranz@orrick.com
D  +1 212 506 5380
F  +1 212 506 5151

May 17, 2023

**BY CM/ECF**

Peter R. Marksteiner
Circuit Executive & Clerk of the Court
United States Court of Appeals for the
   Federal Circuit
717 Madison Place, N.W.
Washington, DC  20439

     Re:    *Sonos, Inc. v. ITC*, Nos. 2022-1421, -1573

Dear Colonel Marksteiner:

    Sonos notifies the Court of new authority pertinent to Argument I of Sonos's appeal: *In re Nicira, Inc.*, No. 2022-1297, 2023 WL 3071641 (Fed. Cir. Apr. 25, 2023).  *Nicira* reaffirms the interpretive rule applied by *01 Communique Laboratories, Inc. v. LogMein, Inc.*, 687 F.3d 1292 (Fed. Cir. 2012):  A claim permitting a group of objects to contain multiple items ordinarily does not require all items to appear together in any one object.  Opening Br. 31-32; Sonos Reply 4-7.

    *Nicira* confirms that *01 Communique*'s interpretive approach governs here.  The claims there required four distinct "sets of instructions" (collectively called a software "program") to be stored on "***A*** non-transitory machine readable medium" (which could mean multiple media) and executed by "at least one processing unit" (which could mean multiple units).  Slip Op. 2.  The accused infringer argued, as Google does here, that all pieces of information had to appear together on "a single device."  *Id.*

    This Court disagreed.  Citing *01 Communique,* it held that the plain meaning of the claims did not "limit the location of the instructions or restrict the program to a single discrete entity."  *Id.*  So the entity that contains or executes one set of instructions "need not be the same" as the entities corresponding to other instructions.  *Id.*  By the same logic, the network configuration parameters in the claim asserted here need not appear together in the same message.

    *Nicira* further undermines Google's reliance on *Salazar* and *Varma*, which Google highlighted in its April 26, 2023 letter.  Both before and after those decisions



Page 2

(in *01 Communique* and *Nicira*) this Court has assessed claims that are much more similar to the claim asserted here.  Each time, the Court rejected the exact distributional restriction that Google mistakenly urges.  *Nicira* also refutes Google's suggestion that *01 Communique* reached that result only because of unique teachings in the specification.  *See* Sonos Reply Br. 5-7.  *Nicira* leaves no doubt that Google's distributional restriction fails as a matter of plain meaning.

Sincerely,

*/s/ E. Joshua Rosenkranz*
E. Joshua Rosenkranz
*Counsel for Sonos, Inc.*

cc. Counsel of record (via CM/ECF)

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

**IN RE: NICIRA, INC.,**
*Appellant*

2022-1297

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. 14/815,950.

Decided: April 25, 2023

MANI ADELI, Adeli LLP, Pacific Palisades, CA, for appellant. Also represented by NATHANIEL F.N. ROSS.

BRIAN RACILLA, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, for appellee Katherine K. Vidal. Also represented by MICHAEL S. FORMAN, THOMAS W. KRAUSE, AMY J. NELSON, FARHEENA YASMEEN RASHEED.

Before DYK, LINN, and CHEN, *Circuit Judges.*

PER CURIAM.

Nicira, Inc. appeals from the final decision of the Patent Trial and Appeal Board ("Board"), affirming the Examiner's rejection of claims 1-20 of Nicira's U.S. Patent

Application No. 2015/0381362 ("Application"). Nicira argues that the Board's obviousness rejection of representative claim 1 based on Allen in view of Lin and Harjula is not supported by substantial evidence under a proper construction of claim 1. For the reasons that follow, we affirm.

## DISCUSSION

Nicira first argues that the claims require that a single program on a single device must receive the command from the controller and send the request for the new key to the key generator. It also argues that such single device must be the same entity that processes data messages using encryption keys. We agree with the Board that the broadest reasonable interpretation of the claims does not require such a limitation. The preamble of representative claim 1 opens with the term "*A* non-transitory machine readable medium" and uses the open-ended "comprising" transition. J.A. 71 (emphasis added). It is well-settled that the use of "a" or "an" in a claim generally means "one or more." *See 01 Communique Lab., Inc. v. LogMeIn, Inc.*, 687 F.3d 1292, 1297 (Fed. Cir. 2012). It is likewise well-settled that the term "comprising" is an open-ended transitional term. *Invitrogen Corp. v. Biocrest Mfg., L.P.*, 327 F.3d 1364, 1368 (Fed. Cir. 2003).

Moreover, claim 1 expressly recites that "program" comprises plural "*sets* of instructions" for performing the claimed tasks and contemplates that separate entities will perform those tasks. Claim 1 ("the program *for execution by at least one processing unit*, the program comprising sets of instructions for…") (emphasis added). The claims do not limit the location of the instructions or restrict the program to a single discrete entity. As the Board recognized, under the broadest reasonable interpretation of claim 1, the actor that receives the command to fetch a new key need not be the same actor that sends a request for a new key to the key generator.

Nicira argues that the claims, specification, and Figures 3 and 22 of the Application, require the "controller" that sends the command to the program to start the key-request process to be distinct from the device that processes messages, such as client device 202 in U.S. Pat. No. 8,584,216 ("Allen"). As the Board correctly explained, however, nothing in the claims limits the term "controller" in this way. The controller, as claimed, is simply the entity that sends the command to fetch a new key and remove a particular key. While the specification at ¶¶ 17, 30, 55, 140 and Figures 3 and 22 provide a written description of "some embodiments," there is nothing in the specification that expressly limits the scope of the claims to those embodiments. *See Liebel-Flarsheim Co. v. Medrad, Inc.*, 358 F.3d 898, 906 (Fed. Cir. 2004).

Nicira next contends that Allen does not meet the claim limitation of a "machine readable medium," because Allen does not recite a single entity on a single machine readable medium that performs the recited steps. As the Board correctly held, however, the claims read on a single program with instructions acting across different entities. Nicira is thus incorrect that the claimed program cannot read on Allen's system-management module 110 merely because the system-management module itself generates the keys rather than sends a request to a key generator; the Board correctly held that the subscription-management module 106 in Allen sends the request to the system-management module 110, which satisfies the "key generator" limitation. First Board Op. 6.

Nicira also argues that Allen's "server-side" modules are incompatible with the client-side components of U.S. Pat. No. 8,340,300 ("Lin") because Allen's client-side components already handle encryption and message processing, and it would make no sense to modify Allen's processing systems with Lin's client-side components. We disagree. Allen expressly notes that the modules may "run on one or more computer devices, such as the devices

illustrated in FIG. 2 (e.g. computing devices 202(1)-(N) [(client devices)] *and/or server* 202." Allen at 5:10-15 (emphasis added). *See also id.* at 6:13–19 (noting that "[e]xamples of server 206 include, without limitation, application servers and database servers"). The Board fully considered Nicira's argument and was not persuaded; nor are we. The interchangeability of the location of the entities performing the claimed tasks is also confirmed by Harjula, which discloses that the client and the server "may execute on the same physical or virtual machine," and the systems "may operate as a server, as a client, or as both a server and a client at different times." U.S. Pat. App. No. 2015/0242594 ("Harjula") at ¶ 62. Nicira incorrectly reads the references in isolation and attempts to require a wholesale incorporation of components from one reference into another to reach a determination of obviousness. The legal question is whether the references *in combination* and as a whole render the claims obvious—not whether one reference may be wholly incorporated into the other. *See In re Etter*, 756 F.2d 852, 859 (Fed. Cir. 1985) (en banc) (citing *Orthopedic Equip. Co. v. United States*, 702 F.2d 1005, 1013 (Fed. Cir. 1983)).

Nicira finally argues that the combination of Allen, Lin, and Harjula fails to provide substantial evidentiary support for the Board's conclusion. Nicira specifically points to Lin as disclosing only a single key and failing to disclose or teach the claimed limitation of "a second plurality of keys in the keyring." We disagree. As the Board explained, obviousness was based on the combination of Lin with Allen and Harjula, and both Allen and Harjula disclose the use of multiple keys in a keyring. First Board Op. at 7; Final Rejection at 6–7, J.A. 81–82; Allen at 6:46–47; Harjula at ¶¶ 216, 255 ("Plural instances may be provided for components, operations, or structures described herein as a single instance."). It is the combination of the references that renders the limitation and the claim obvious, not each reference read in isolation. *See In re Merck & Co.*, 800

F.2d 1091, 1097 (Fed. Cir. 1986). The Board adequately explained its reasoning, and we see no violation of *Alacritech, Inc. v. Intel Corp.*, 966 F.3d 1367, 1379 (Fed. Cir. 2020).

The Board also did not equate "a first plurality of keys" and "a second plurality of keys," as Nicira argues. *See* Nicira Br. at 5. The Board explained that one plurality of keys included the particular key (i.e., the old key being removed) and one plurality did not, First Board Op. at 7, a proposition that Nicira appears to agree with. Nicira Br. at 15 (describing the sending and receiving of packets during the first and second time periods in Allen).

Nicira cursorily challenges the reason to combine Allen with Lin and Harjula but does not provide any reason for its challenge.

Nicira did not contest the Board's consideration of Claim 1 as representative and does not do so here. The obviousness of Claim 12 and the rest of the claims thus rests upon the same bases as the obviousness of Claim 1.

## CONCLUSION

The Board correctly interpreted representative claim 1 and properly affirmed Examiner's rejections of claims 1-20.

**AFFIRMED**