PERKINSCOIE

700 13th Street, NW
Suite 800
Washington, D.C. 20005-3960

T +1.202.654.6200
F +1.202.654.6211
PerkinsCoie.com

May 31, 2023

Dan L. Bagatell
DBagatell@perkinscoie.com
D. +1.602.351.8250
F. +1.602.648.7150

FILED VIA CM/ECF

Colonel Peter R. Marksteiner
Clerk/Circuit Executive
United States Court of Appeals for the Federal Circuit
717 Madison Place, N.W., Room 401
Washington, D.C. 20439

<u>*Sonos, Inc. v. ITC*, Nos. 2022–1421 & 2022–1573 (not yet calendared)</u>:

**Response to Sonos's Rule 28(j) Letter Regarding *In re Nicira, Inc.*,
No. 2022-1297, 2023 WL 3071641 (Fed. Cir. Apr. 25, 2023) (non-precedential)**

Dear Colonel Marksteiner:

The non-precedential decision in *Nicira* does not help Sonos.

Nicira's representative claim recited "[a] non-transitory machine readable medium for storing a program ... for execution by at least one processing unit, the program comprising sets of instructions for," among other things, "receiving a command," "sending a request for [a] new [encryption] key," and "process[ing] data messages" using encryption keys. *Nicira* Appx077 (attached). Applying the broadest-reasonable-interpretation standard, the PTAB rejected Nicira's assertions that the claims required that (1) a single program on a single device both receive the command and send the request for the new key, and (2) the same device process data messages using encryption keys.

The issue was not, as Sonos asserts, whether "multiple items" had "to appear together in any one object"—everyone agreed that the instructions were part of one program. Instead, the issue was whether the functions of that program had to be *executed* on a single device. 2023 WL 3071641, at *1. The claim language expressly covered multiple "sets of instructions" executed by multiple ("at least one")

May 31, 2023
Page 2

processing units. *Id.* Applying the BRI standard, this Court thus concluded that the claims "contemplate[d] that separate entities w[ould] perform those tasks" and affirmed that they covered "a single program with instructions acting across different entities." *Id.*

Here, the BRI standard doesn't apply, and the issue and claim language are fundamentally different. Everyone agrees that the '896 claims allow one or more "second messages"—the question is whether each such "second message" must contain both recited network-configuration parameters. And the claim language and the specification make clear that the answer is yes. *See* RedBr52-57.

*Nicira* certainly did not "confirm" Sonos's interpretation of *01 Communique*. *Nicira* cited *01 Communique* only for the uncontroversial proposition that "a" generally means "one or more," and Google's construction comports with that principle by allowing multiple second messages. Nor did *Nicira* undermine the significance of *Salazar* and *Varma*. Unlike *Nicira*, *Salazar* and *Varma* were precedential, and they addressed the critical issue here: whether a single instance of a recited element (here, a "second message") must include every feature the claims say it does.

Respectfully submitted,

/s/Dan L. Bagatell

Dan L. Bagatell

Counsel for Google LLC

Copy by CM/ECF to all counsel of record

Attachment (claims at issue in *Nicira*, from Appx077 in No. 2022-1297)

Certificate of Compliance

I certify that the body of this letter contains 350 words, within the limit set by Federal Rule of Appellate Procedure 28(j).

Dated: May 31, 2023                                   /s/Dan L. Bagatell
                                                      Dan L. Bagatell

# Attachment:
# *Nicira* Claim Language

# REJECTED CLAIMS OF THE PENDING APPLICATION

1. (Previously Presented) A non-transitory machine readable medium for storing a program for updating a keyring with a plurality of keys, the keyring stored on a host computing device that executes a plurality of virtual machines (VMs) and used for encryption operations for data messages associated with at least one particular VM, the program for execution by at least one processing unit, the program comprising sets of instructions for:

   receiving a command from a controller to (1) fetch a new key for the keyring and (2) remove a particular key from the plurality of keys in the keyring;

   based on the received command, sending a request for the new key to a key generator;

   continuing to process data messages received for the particular VM by using any of a first plurality of keys in the keyring including the particular key, while processing data messages transmitted by the particular VM using any of a second plurality of keys in the keyring excluding the particular key; and

   removing the particular key from the keyring after receiving the new key so that the particular key is no longer used to process data messages for the particular VM.

2. (Previously Presented) The non-transitory machine readable medium of claim 1, wherein the program further comprises a set of instructions for processing received and transmitted data messages for the particular VM by using the keyring that includes the new key after receiving the new key.

3. (Original) The non-transitory machine readable medium of claim 1, wherein the command is received when the particular key has been used for a certain duration of time.