

UNITED STATES INTERNATIONAL TRADE COMMISSION

WASHINGTON, DC 20436

June 9, 2023

Hon. Peter R. Marksteiner, Clerk
U.S. Court of Appeals for the Federal Circuit
Office of the Clerk
717 Madison Place, NW
Washington, DC  20439

**RE:   Response to Appellant Sonos Inc.'s Rule 28(j) Citation of Supplemental Authority in *Sonos, Inc. v. ITC*, Nos. 22-1421, 22-1573 (ECF 67)**

Dear Col. Marksteiner:

Appellee ITC (the "Commission") responds to Sonos' letter concerning *In re Nicira, Inc.*, 2023 WL 3071641 (Fed. Cir. 2023).  ECF 67.

For the reasons discussed in Google's response letter (ECF 68), the non-precedential *Nicira* decision does not "confirm[] that *01 Communique*'s interpretive approach governs here" or otherwise support Sonos' position that the "second message" limitation of '896 claim 1 encompasses splitting apart the recited "identifier" and "security key" parameters among multiple second messages.  In particular, the issue in *Nicira* was not whether the claimed "program comprising sets of instructions for: receiving … sending … processing … and removing" encompasses splitting apart those instructions among multiple programs, but rather whether the program (with all the recited sets of instructions) could be executed by multiple processing units.  2023 WL 3071641, at *1.  *Nicira* is thus inapposite here.  Nor does the Commission's construction—which requires at least one second message that contains both recited parameters, thus allowing for multiple second messages—run afoul of *01 Communique*'s proposition, cited in *Nicira*, that "a" generally means "one or more."  *Id*. at *2.

Sonos is also incorrect that *Nicira* "undermines" Google's reliance on *Salazar* and *Varma* (both precedential decisions) as set forth in Google's Rule 28(j) letter of April 26, 2023 (ECF 65), with which the Commission agrees.  *Salazar* held that claim language "introduc[ing] a claim element using an indefinite article and further

defin[ing] the element with subsequently recited functionality … require[d] that a *single instance* of the element be capable of performing *all* the recited functionality," confirming *Varma*'s holding that the indefinite article "a" cannot "serve to negate what is required by the language following 'a'." *Salazar v. AT&T Mobility LLC*, 64 F.4th 1311, 1317 (Fed. Cir. 2023) (emphasis added). *Salazar* also noted that "[t]his conclusion is bolstered" by the fact that (like the '896 claim language in this appeal) the claim had a "subsequent reference to 'the' or 'said'" claim element, meaning the element "should be construed to require at least one [instance] capable of performing the recited functions." *Id*. at 1318; *see* Appx10190 (18:25-26, 65-66). The Commission's construction is consistent with this precedent.

                 Sincerely,

                 /s/ *Richard P. Hadorn*
                 Richard P. Hadorn
                 Attorney for Appellee
                 U.S. International Trade Commission

cc:     Counsel of record (via ECF)

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 28(j), I certify that the body of this letter includes 350 words, and thereby complies with the type-volume limitation requirement.

                 /s/ *Richard P. Hadorn*
                 Richard P. Hadorn
                 Attorney for Appellee
                 U.S. International Trade Commission
                 500 E Street, SW
                 Washington, DC 20436
                 Tel: (202) 205-3179
                 Fax: (202) 205-3111
                 richard.hadorn@usitc.gov