**Consol. Nos. 22-1421, 22-1573**

## UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT

**SONOS, INC.,**
*Appellant,*

v.

**INTERNATIONAL TRADE COMMISSION,**
*Appellee,*

**GOOGLE LLC,**
*Intervenor.*

_____

**GOOGLE LLC,**
*Appellant,*

v.

**INTERNATIONAL TRADE COMMISSION,**
*Appellee,*

**SONOS, INC.,**
*Intervenor.*

_____

Appeals from the United States International Trade Commission,
Investigation No. 337-TA-1191

## JOINT MOTION TO CLARIFY THE PROCEDURE FOR
## THE ORAL ARGUMENT CALENDARED FOR NOVEMBER 8, 2023

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

| | |
|---|---|
| **Case Number** | 22-1421 |
| **Short Case Caption** | Sonos, Inc. v. International Trade Commission |
| **Filing Party/Entity** | Sonos, Inc. |

---

**Instructions:**

1.  Complete each section of the form and select none or N/A if appropriate.

2.  Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3.  In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4.  Please do not duplicate entries within Section 5.

5.  Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 09/29/2023

Signature: /s/ E. Joshua Rosenkranz

Name: E. Joshua Rosenkranz

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities. ☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities. ☑ None/Not Applicable |
| Sonos, Inc. | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐   Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐   None/Not Applicable      ☐   Additional pages attached

| | | |
|---|---|---|
| Lillian J. Mao | Shane D. Anderson | Margaret Abernathy |
| Michael P. Boyea | Jae Y. Pak | |
| | | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑   Yes (file separate notice; see below)   ☐  No   ☐  N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑   None/Not Applicable      ☐   Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

FORM 9. Certificate of Interest

Form 9 (p. 1)
July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT
## AMENDED
## CERTIFICATE OF INTEREST

**Case Number** 22-1421, 22-1573

**Short Case Caption** Sonos, Inc. v. ITC

**Filing Party/Entity** Google LLC

---

**Instructions:** Complete each section of the form. In answering items 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance. **Please enter only one item per box; attach additional pages as needed and check the relevant box**. Counsel must immediately file an amended Certificate of Interest if information changes. Fed. Cir. R. 47.4(b).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 09/29/2023

Signature: /s/Dan L. Bagatell

Name: Dan L. Bagatell

FORM 9. Certificate of Interest

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities. ☐ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities. ☐ None/Not Applicable |
| Google LLC | none | XXVI Holdings Inc.; Alphabet Inc. |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐    Additional pages attached

FORM 9. Certificate of Interest

**4. Legal Representatives.**  List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities.  Do not include those who have already entered an appearance in this court.  Fed. Cir. R. 47.4(a)(4).

☐   None/Not Applicable          ☐   Additional pages attached

| | | |
|---|---|---|
| Quinn Emanuel Urquhart & Sullivan, LLP: | S. Alex Lasher<br>Marissa R. Ducca | Justin Griffin<br>Patrick D. Curran |
| Allen & Overy (and formerly White & Case LLP): | Shamita Etienne-Cummings | Emily Lipka<br>James Gagen |
| | | |

**5. Related Cases.**  Provide the case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal.  Do not include the originating case number(s) for this case.  Fed. Cir. R. 47.4(a)(5).  See also Fed. Cir. R. 47.5(b).

☐   None/Not Applicable          ☐   Additional pages attached

| | | |
|---|---|---|
| Sonos, Inc. v. Google LLC, No. 2:20-cv-00169-JAK-DFM (C.D. Cal.) | | |
| | | |
| | | |

**6. Organizational Victims and Bankruptcy Cases**.  Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees).  Fed. Cir. R. 47.4(a)(6).

☑   None/Not Applicable          ☐   Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

Appellee United States International Trade Commission ("Commission");
Sonos, Inc. ("Sonos") (Appellant in Appeal No. 22-1421, Intervenor in Appeal No.
22-1573); and Google LLC ("Google") (Intervenor in Appeal No. 22-1421,
Appellant in Appeal No. 22-1573) hereby move to clarify the procedure for the
oral argument in the above-captioned consolidated appeals scheduled for
November 8, 2023 (Courtroom 402).

As the Court is aware, in these consolidated appeals, there were five rounds
of briefs.  The parties seek clarification on whether the Court would prefer to
conduct the argument in five rounds (tracking the ordering of the briefs) or whether
the Court would prefer to conduct argument for the two appeals separately back-to-
back, as though companion appeals for the purposes of oral argument.  In
consolidated appeals involving five rounds of briefs, the parties typically file a
motion such as the present motion to clarify the merits panel's preference for oral
argument.

The parties submit that in the present case, oral argument would best
proceed in five rounds of argument, commensurate with the briefing.  Doing so
will provide the Court and the parties with greater freedom to discuss the
relationship between the appeal and cross-appeal.  In particular, both consolidated
appeals involve issues relating to the Commission's findings as to U.S. Patent No.
10,439,896.

Different merits panels have ordered different procedures. For example, in *The Chamberlain Group, LLC v. ITC*, which involved five rounds of briefs, the Court ordered five rounds of argument, with fifteen total minutes per party. *See The Chamberlain Group, LLC v. ITC*, Appeal No. 22-1664, Order at 2 (Fed. Cir. Mar. 28, 2023 (Dkt. No. 87) (Ex. A); *see also Mahindra & Mahindra Ltd. v. ITC*, Appeal No. 20-2173, Order at 2 (Fed. Cir. Feb. 16, 2022) (Dkt. No. 87) (Ex. B); *Bio-Rad Labs., Inc. v. ITC*, Appeal No. 20-1475, Order at 2 (Fed. Cir. Mar. 8, 2021) (Dkt. No. 70) (Ex. C). In another case, the Court likewise ordered five rounds of argument, but with fifteen total minutes per private party and ten minutes for the Commission. *See Kyocera Senco Indus. Tools Inc. v. ITC*, Appeal No. 20-1046, Order at 2 (Fed. Cir. Oct. 7, 2021) (Dkt. No. 81) (Ex. D).

In two other appeals with five rounds of briefs, the Court ordered separate arguments—treating the appeal and cross-appeal, essentially, as companion cases—with 10 minutes per side. *See Caterpillar Prodotti Stradali S.R.L. v. ITC*, No. 19-2445, Order at 2 (Fed. Cir. Jan. 29, 2021) (Dkt. No. 81) (Ex. E); *Caterpillar Inc. v. ITC*, No. 19-2306, Order at 2 (Fed. Cir. Oct. 5, 2020) (Dkt. No. 78) (Ex. F).

Should the Court adopt five rounds of argument, the parties request that the Commission, Sonos, and Google each be provided with fifteen minutes to allocate between their opening and rebuttal arguments (except that the Commission as the

appellee may not divide its argument time between opening and rebuttal). Doing so would be consistent with the Court's orders in *Chamberlain*, *Mahindra*, and *Bio-Rad* and with the Court's September 21, 2023 Notice of Oral Argument in the present appeal (Dkt. No. 76) (stating that "[e]ach side receives 15 minutes (including rebuttal), unless otherwise directed by the court" and that "Appellants and Cross-Appellants may divide argument between main argument and rebuttal. Appellees may not.").

For the foregoing reasons, the parties respectfully request that the Court clarify the procedure for oral argument in the present consolidated appeals.

Date:  September 29, 2023

Respectfully submitted,

*/s/  Richard P. Hadorn*[1]
Dominic L. Bianchi
    General Counsel
Wayne W. Herrington
    Assistant General Counsel
Richard P. Hadorn
    Attorney Advisor
OFFICE OF THE GENERAL COUNSEL
U.S. INTERNATIONAL TRADE COMMISSION
500 E Street, SW
Washington, DC  20436
Phone: (202) 205-3179
richard.hadorn@usitc.gov
*Counsel for Appellee*
*International Trade Commission*

---

[1] The other parties consent to the Commission's filing of this document on their behalf.

- 3 -

/s/  E. Joshua Rosenkranz
E. Joshua Rosenkranz
ORRICK, HERRINGTON &
    SUTCLIFFE LLP
51 West 52nd Street,
New York, NY 10019
Phone: (212) 506-5000
jrosenkranz@orrick.com
*Counsel for Appellant/Intervenor*
*Sonos, Inc.*


/s/  Dan L. Bagatell
Dan L. Bagatell
PERKINS COIE LLP
3 Weatherby Road
Hanover, New Hampshire 03755
Phone: (602) 351-8250
dbagatell@perkinscoie.com
*Counsel for Cross-Appellant/Intervenor*
*Google LLC*

**FORM 19. Certificate of Compliance with Type-Volume Limitations**

Form 19
July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS</u>

**Case Number:**  22-1421, 22-1573 (consolidated)

**Short Case Caption:**  Sonos, Inc. v, ITC; Google LLC v. ITC

> **Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

☑ the filing has been prepared using a proportionally-spaced typeface and includes _____562_____ words.

☐ the filing has been prepared using a monospaced typeface and includes _____ lines of text.

☐ the filing contains _____ pages / _____ words / _____ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. _____).

Date: 09/29/2023

Signature:  /s/ Richard P. Hadorn

Name:  Richard P. Hadorn

# Exhibit A

NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**THE CHAMBERLAIN GROUP, LLC,**
*Appellant*

**v.**

**INTERNATIONAL TRADE COMMISSION,**
*Appellee*

**OVERHEAD DOOR CORPORATION, GMI HOLDINGS, INC.,**
*Intervenors*

-------------------------------------------------

**OVERHEAD DOOR CORPORATION, GMI HOLDINGS, INC.,**
*Appellants*

**v.**

**INTERNATIONAL TRADE COMMISSION,**
*Appellee*

**THE CHAMBERLAIN GROUP, LLC,**
*Intervenor*

---

2022-1664, 2022-1656

---

Appeals from the United States International Trade Commission in Investigation No. 337-TA-1209.

_____

**ON MOTION**

_____

PER CURIAM.

**CORRECTED ORDER***

Upon consideration of the parties' joint motion to clarify the procedures for the oral argument in the above-captioned appeals scheduled for May 5, 2023,

IT IS ORDERED THAT:

Each side will receive 15 minutes of argument time. The Chamberlain Group, LLC ("Chamberlain") and Overhead Door Corporation and GMI Holdings, Inc. (collectively, "OHD") may reserve a portion of their time for rebuttal. Oral argument will be presented in the following sequence: (1) Chamberlain; (2) OHD; (3) Commission; (4) Chamberlain rebuttal; and (5) OHD rebuttal.

                                    FOR THE COURT

March 28, 2023                  /s/ Peter R. Marksteiner
      Date                      Peter R. Marksteiner
                                Clerk of Court

_____

  *    The order has been corrected to expressly state the ordering of argument.

# Exhibit B

NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

————————————

**MAHINDRA & MAHINDRA LTD., MAHINDRA AUTOMOTIVE NORTH AMERICA, INC.,**
*Appellants*

**v.**

**INTERNATIONAL TRADE COMMISSION,**
*Appellee*

**FCA US LLC,**
*Intervenor*

-------------------------------------------------

**FCA US LLC,**
*Appellant*

**v.**

**INTERNATIONAL TRADE COMMISSION,**
*Appellee*

**MAHINDRA & MAHINDRA LTD., MAHINDRA AUTOMOTIVE NORTH AMERICA, INC.,**
*Intervenors*

————————————

2020-2173, 2021-1687

————————————

Appeals from the United States International Trade Commission in Investigation No. 337-TA-1132.

———————————————

## ON MOTION

———————————————

Per Curiam.

## ORDER

Upon consideration of the parties' joint motion to clarify the procedure for the oral argument in the above-captioned consolidated appeals scheduled for March 7, 2022,

It Is Ordered That:

The motion is granted. There will be five rounds of argument, tracking the ordering of the briefs, and Mahindra, the Commission, and FCA will each be provided fifteen minutes of argument time. Mahindra and FCA can choose to allocate their time between opening argument and rebuttal. Any amended responses to the notice of oral argument are due no later than February 18, 2022.

For the Court

February 16, 2022          /s/ Peter R. Marksteiner
          Date              Peter R. Marksteiner
                            Clerk of Court

# Exhibit C

NOTE: This order is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**BIO-RAD LABORATORIES, INC.,**
*Appellant*

**v.**

**INTERNATIONAL TRADE COMMISSION,**
*Appellee*

**10X GENOMICS INC.,**
*Intervenor*

------------------------------------------------

**10X GENOMICS INC.,**
*Appellant*

**v.**

**INTERNATIONAL TRADE COMMISSION,**
*Appellee*

**BIO-RAD LABORATORIES, INC.,**
*Intervenor*

---

2020-1475, 2020-1605

---

Appeals from the United States International Trade Commission in Investigation No. 337-TA-1068.

_____

## ON MOTION

_____

PER CURIAM.

## O R D E R

Upon consideration of the parties' joint motion for clarification of the procedure for the telephonic oral argument scheduled for April 7, 2021,

IT IS ORDERED THAT:

The motion is granted. Each party will receive 15 minutes of argument time. Bio-Rad and 10X may reserve a portion of their time for rebuttal. Oral argument will be presented in the following sequence: (1) Bio-Rad, (2) 10X, (3) the Commission, (4) Bio-Rad's rebuttal, and (5) 10X's rebuttal.

FOR THE COURT

March 8, 2021                    /s/ Peter R. Marksteiner
      Date                      Peter R. Marksteiner
                                Clerk of Court

# Exhibit D

NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**KYOCERA SENCO INDUSTRIAL TOOLS INC., FKA KYOCERA SENCO BRANDS INC.,**
*Appellant*

**v.**

**INTERNATIONAL TRADE COMMISSION,**
*Appellee*

**KOKI HOLDINGS AMERICA LTD., FKA HITACHI KOKI U.S.A. LTD.,**
*Intervenor*

-------------------------------------------------

**KOKI HOLDINGS AMERICA LTD., FKA HITACHI KOKI U.S.A. LTD.,**
*Appellant*

**v.**

**INTERNATIONAL TRADE COMMISSION,**
*Appellee*

**KYOCERA SENCO INDUSTRIAL TOOLS INC., FKA KYOCERA SENCO BRANDS INC.,**
*Intervenor*

———————————

2020-1046, 2020-2050

_____

Appeals from the United States International Trade Commission in Investigation No. 337-TA-1082.

_____

## ON MOTION

_____

PER CURIAM.

## O R D E R

Upon consideration of the parties' joint motion to clarify the procedure for oral argument calendared for November 1, 2021,

IT IS ORDERED THAT:

The motion is granted. Kyocera and Koki will each receive 15 minutes of argument time and may reserve a portion of their time for rebuttal.  The Commission will receive 10 minutes of argument time and may not reserve a portion of its time for rebuttal.  Oral argument will be presented in the following sequence: (1) Kyocera, (2) Koki, (3) the Commission, (4) Kyocera's rebuttal, and (5) Koki's rebuttal.

FOR THE COURT

October 7, 2021                    /s/ Peter R. Marksteiner
        Date                       Peter R. Marksteiner
                                   Clerk of Court

# Exhibit E

NOTE: This order is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

_____

**CATERPILLAR PRODOTTI STRADALI S.R.L.,
CATERPILLAR AMERICAS C.V., CATERPILLAR
PAVING PRODUCTS, INC., CATERPILLAR INC.,**
*Appellants*

**v.**

**INTERNATIONAL TRADE COMMISSION,**
*Appellee*

**WIRTGEN AMERICA, INC.,**
*Intervenor*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**WIRTGEN AMERICA, INC.,**
*Appellant*

**v.**

**INTERNATIONAL TRADE COMMISSION,**
*Appellee*

**CATERPILLAR PRODOTTI STRADALI S.R.L.,
CATERPILLAR AMERICAS C.V., CATERPILLAR
PAVING PRODUCTS, INC., CATERPILLAR INC.,**
*Intervenors*

_____

2019-2445, 2019-1911

_____

Appeals from the United States International Trade Commission in Investigation No. 337-TA-1067.

_____

**ON MOTION**

_____

PER CURIAM.

# O R D E R

Upon consideration of the parties' joint motion for clarification of the procedure for the telephonic oral argument scheduled for February 1, 2021,

IT IS ORDERED THAT:

(1) The motion is granted to the extent that the appeal and cross-appeal will be argued separately.

(2) First, for the appeal, Caterpillar will be allocated 10 minutes of argument time, and the Commission and Wirtgen will have 10 minutes allocated between the two.

(3) Second, for the cross-appeal, Wirtgen will be allocated 10 minutes of argument time, and the Commission and Caterpillar will have 10 minutes allocated between the two.

FOR THE COURT

January 29, 2021         /s/ Peter R. Marksteiner
  Date         Peter R. Marksteiner
        Clerk of Court

# Exhibit F

NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CATERPILLAR INC., CATERPILLAR PAVING PRODUCTS, INC.,**
*Appellants*

**v.**

**INTERNATIONAL TRADE COMMISSION,**
*Appellee*

**WIRTGEN GMBH, JOSEPH VOGELE AG, WIRTGEN GROUP HOLDING GMBH, WIRTGEN AMERICA, INC.,**
*Intervenors*

-----------------------------------------------------------

**WIRTGEN GMBH, JOSEPH VOGELE AG, WIRTGEN GROUP HOLDING GMBH, WIRTGEN AMERICA, INC.,**
*Appellants*

**v.**

**INTERNATIONAL TRADE COMMISSION,**
*Appellee*

**CATERPILLAR INC., CATERPILLAR PAVING PRODUCTS, INC.,**
*Intervenors*

---

CATERPILLAR INC. v. ITC

2019-2306, 2019-2320

_____

Appeals from the United States International Trade
Commission in Investigation No. 337-TA-1088.

_____

**ON MOTION**

_____

PER CURIAM.

# O R D E R

Upon consideration of the parties' joint motion for
clarification of the procedure for the upcoming oral argu-
ment,

IT IS ORDERED THAT:

(1) The motion is granted to the extent that the appeal
and cross-appeal will be argued separately.

(2) First, for the appeal, Caterpillar will be allocated
10 minutes of argument time, and the Commission
and Wirtgen will have 10 minutes allocated be-
tween the two.

(3) Second, for the cross-appeal, Wirtgen will be allo-
cated 10 minutes of argument time, and the Com-
mission and Caterpillar will have 10 minutes
allocated between the two.


FOR THE COURT

October 6, 2020        /s/ Peter R. Marksteiner
      Date             Peter R. Marksteiner
                       Clerk of Court