PERKINScoie

700 13th Street, NW
Suite 800
Washington, D.C. 20005-3960

T +1.202.654.6200
F +1.202.654.6211
PerkinsCoie.com

November 3, 2023

Dan L. Bagatell
DBagatell@perkinscoie.com
D. +1.602.351.8250
F. +1.602.648.7150

FILED VIA CM/ECF

Jarrett B. Perlow
Clerk/Circuit Executive
United States Court of Appeals for the Federal Circuit
717 Madison Place, N.W., Room 401
Washington, D.C. 20439

## *Sonos, Inc. v. ITC*, Nos. 2022–1421 & 2022–1573 (to be argued November 8, 2023 to Panel F):

**Response to Sonos's Rule 28(j) Letter Regarding *Finjan LLC v. SonicWall, Inc.*, ___ F.4th ___, No. 2022–1048, 2023 WL 6775035 (Fed. Cir. Oct. 13, 2023)**

Dear Mr. Perlow:

*Finjan* reconciles this Court's decisions, but not in a way that helps Sonos.

Finjan's patent required "a computer" to perform one step and "the computer" to perform other steps. This Court held that even if "a computer" covered one or more computers, the same one or more computers nonetheless had to perform all the steps. The Court followed *Salazar* and rejected Finjan's assertion, based on *01 Communique*, that performance of the steps could be distributed across different computers. 2023 WL 6775035, at *7-8 (distinguishing *01 Communique* on grounds that the patent there specified that the claimed "locator server computer" and its "location facility" component could span multiple computers).

Here, Sonos's '896 patent requires transmitting "at least a second message" containing two particular network configuration parameters, and further requires detecting an indication of receipt of the antecedent "second message containing the network configuration parameters." As in *Finjan* (and *Salazar* and *Varma*), the claims allow transmission of multiple second messages, but any second message

November 3, 2023
Page 2

must contain both parameters, and the controller must detect receipt of at least one of those messages containing both parameters.

Contrary to Sonos's suggestion, none of this Court's cases establish a "general rule" that "a claim requiring a group of containers to contain multiple items (or functions) ordinarily does not require all items (or functions) to appear together in any one container." As *Varma* and *Salazar* recognize, the general rule is that claims reciting "a" claim element that includes two components or performs two tasks requires that element to include both components or perform both tasks. In *Varma* terms, "a" dog that rolls over and fetches sticks requires at least one dog that performs both tasks. Likewise, "a" message containing two parameters requires one message to include both parameters.

Sonos contends that *Varma*'s holding turned on prosecution history, but that is not so: the prosecution history merely "reinforce[d] the conclusion" that the patentee's broad interpretation "[wa]s unreasonable." 816 F.3d at 1364. *01 Communique* recognizes that the rule is not absolute: a patent may specify that the claimed invention covers distributed performance. But Sonos's '896 patent does not.

Respectfully submitted,

/s/Dan L. Bagatell

Dan L. Bagatell

Counsel for Google LLC

Copy by CM/ECF to all counsel of record

Certificate of Compliance

I certify that the body of this letter contains 349 words, within the limit set by Federal Rule of Appellate Procedure 28(j).

Dated: November 3, 2023          /s/Dan L. Bagatell
                                  Dan L. Bagatell