

**Orrick, Herrington & Sutcliffe LLP**
51 W 52nd St,
New York, NY 10019

+1 212 506-5000

**orrick.com**

**E. Joshua Rosenkranz**

E  jrosenkranz@orrick.com
D  +1 212 506 5380
F  +1 212 506 5151

July 3, 2024

*Via CM/ECF*

Jarrett B. Perlow
Circuit Executive & Clerk of the Court
United States Court of Appeals for the Federal Circuit
717 Madison Place, N.W.
Washington, DC  20439

      Re:    *Sonos, Inc. v. ITC*, Nos. 2022-1421 & 2022-1573;
             Response to Google's Notice of Supplemental Authority under
             Fed. R. App. P. 28(j)

Dear Mr. Perlow:

      In late June, Google filed a petition for rehearing en banc, urging this Court to overturn its *Suprema* decision in the event that the Supreme Court overruled *Chevron v. NRDC* in *Loper Bright Enterprises v. Raimondo*, No. 22-451.  ECF No. 98. After the Supreme Court did, in fact, overrule *Chevron*, Google filed a letter pursuant to Fed. R. App. P. 28(j) summarizing the new decision and arguing that it supports Google's pending petition for rehearing. ECF No. 101. Pursuant to Fed. R. App. P. 28(j), Sonos offers this response to correct Google's incomplete description of *Loper Bright*'s discussion of stare decisis.

      *Loper Bright* explicitly states that, in overruling *Chevron*, it does not "call into question" any prior decisions that invoked *Chevron* as an interpretive methodology. *Loper Bright* Op. 34.  Rather, such decisions—like *Suprema*—remain good law and "are still subject to statutory *stare decisis*." *Id.*

      The Court did not say that stare decisis is limited "at most" to cases upholding "specific agency actions." Google Ltr. 2. To the contrary, the Court made clear that reconsidering any prior statutory interpretation requires a "special justification" and *Chevron*'s demise is not a sufficient basis for reconsidering such prior decisions:

      Mere reliance on *Chevron* cannot constitute a "'special justification'" for
      overruling [a prior] holding, because to say a precedent relied on
      *Chevron* is, at best, "just an argument that the precedent was wrongly



July 3, 2024
Page 2

> decided." *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 266 (2014) (quoting *Dickerson v. United States*, 530 U.S. 428, 443 (2000)). That is not enough to justify overruling a statutory precedent.

Op. at 34-35. Google's petition did not even suggest there is a special justification warranting a reconsideration of *Suprema*. Accordingly, *Loper Bright* is not sufficient basis for granting rehearing or overruling *Suprema*.

                                                Respectfully,

                                                */s/ E. Joshua Rosenkranz*
                                                E. Joshua Rosenkranz
                                                *Counsel for Appellant Sonos, Inc.*