**Consol. Nos. 22-1421, 22-1573**

## UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

**SONOS, INC.,**
*Appellant,*

v.

**INTERNATIONAL TRADE COMMISSION,**
*Appellee,*

**GOOGLE LLC,**
*Intervenor.*

**GOOGLE LLC,**
*Appellant,*

v.

**INTERNATIONAL TRADE COMMISSION,**
*Appellee,*

**SONOS, INC.,**
*Intervenor.*

Appeals from the United States International Trade Commission
in Investigation No. 337-TA-1191

## RESPONSE OF APPELLEE INTERNATIONAL TRADE COMMISSION TO PETITION FOR REHEARING EN BANC

DOMINIC L. BIANCHI
General Counsel
Telephone (202) 205-3061

WAYNE W. HERRINGTON
Assistant General Counsel
Telephone (202) 205-3090


Dated: August 8, 2024

RICHARD P. HADORN
BENJAMIN S. RICHARDS
Attorneys for Appellee
Office of the General Counsel
U.S. International Trade Commission
500 E Street, SW, Suite 707
Washington, DC 20436
Telephone: (202) 205-3179
richard.hadorn@usitc.gov
benjamin.richards@usitc.gov

# TABLE OF CONTENTS

I.    Introduction.............................................................................................1

II.   Summary of Facts ...............................................................................3

    A.    The Patents and Claims Remaining at Issue ........................................3

    B.    Sonos' Infringement Allegations and Google's Infringing
        Articles ............................................................................................4

    C.    The Commission's Violation Determinations......................................5

    D.    The Panel Proceedings ....................................................................7

III.  En Banc Rehearing Should be Denied ..........................................................9

    A.    *Loper Bright* Does Not Provide the "Special Justification"
        Needed to Overcome Statutory *Stare Decisis* and Overrule
        *Suprema*..........................................................................................9

    B.    This Case is a Poor Vehicle to Revisit *Suprema*................................14

    C.    If En Banc Rehearing is Granted, the Commission
        Requests an Opportunity to Submit Additional
        Briefing on the Merits. ...................................................................16

IV.   Conclusion ...............................................................................................17

# TABLE OF AUTHORITIES

**Cases**                                                                    **Page(s)**

*CBOCS W., Inc. v. Humphries*,
   553 U.S. 442 (2008) .................................................................................13

*Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*,
   467 U.S. 837 (1984) ................................................................1, 2, 9, 10

*Dickerson v. United States*,
   530 U.S. 428 (2000) .................................................................................10

*Fantasy Sports Props., Inc. v. Sportsline.com, Inc.*,
   287 F.3d 1108 (Fed. Cir. 2002) ...........................................................6, 7

*Finjan, Inc. v. Secure Comput. Corp.*,
   626 F.3d 1197 (Fed. Cir. 2010) ...........................................................6, 7

*Halliburton Co. v. Erica P. John Fund, Inc.*,
   573 U.S. 258 (2014) .................................................................................10

*Kimble v. Marvel Ent., LLC*,
   576 U.S. 446 (2015) ...........................................................................12, 13

*Loper Bright Enters. v. Raimondo*,
   144 S. Ct. 2244 (2024) .................................................................*passim*

*Payne v. Tennessee*,
   501 U.S. 808 (1991) .................................................................................12

*Preminger v. Sec'y of Veterans Affs.*,
   517 F.3d 1299 (Fed. Cir. 2008) ...........................................................12

*Suprema, Inc. v. ITC*,
   796 F.3d 1338 (Fed. Cir. 2015) .................................................*passim*

*Talasila, Inc. v. United States*,
   36 F. App'x 430 (Fed. Cir. 2002) ...................................................11, 12

*W.L. Gore & Assocs., Inc. v. C.R. Bard, Inc.*,
   977 F.2d 558 (Fed. Cir. 1992) ...........................................................12

## TABLE OF AUTHORITIES (cont'd)

**Statutes**                                                **Page(s)**

5 U.S.C. § 557(b) ..................................................................................5

19 U.S.C. § 1337 ..........................................................................*passim*

19 U.S.C. § 1337(a)(1)(B)(i) ..............................................................9, 10

35 U.S.C. § 271 ..............................................................................15, 16

35 U.S.C. § 271(b) .................................................................................16

Patent Act of 1952, Pub. L. No. 82-593, 66 Stat. 811 (1952)............................15, 16

Omnibus Trade and Competitiveness Act of 1988,
    Pub. L. No. 100-418, 102 Stat. 1107 (1988)..................................................15, 16

**Regulations**

19 C.F.R. § 210.42(h)...............................................................................5

19 C.F.R. § 210.45(c) ...............................................................................5

## ARGUMENT IN RESPONSE

## I.    INTRODUCTION

The Court should deny Google's petition for rehearing en banc for two reasons.  First, Google, facing statutory *stare decisis*, fails to identify the requisite "special justification" to overrule *Suprema, Inc. v. International Trade Commission*, 796 F.3d 1338 (Fed. Cir. 2015) (en banc).  Second, this appeal is a poor vehicle to revisit *Suprema* because the only remaining patent subject to an infringement finding implicating *Suprema* will expire in less than ten months and because Google's alternate interpretation of section 337 eschews the traditional tools of statutory construction in favor of an atextual—and self-serving—gloss.

When Google filed its petition, it made two predictions:  First, it predicted that the Supreme Court would overrule *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984).  Second, it predicted that the retirement of *Chevron* deference would call into question the holdings of prior cases interpreting statutory provisions according to *Chevron*'s methodology.  Google's first prediction was right, but its second was wrong.  *See Loper Bright Enters. v. Raimondo*, 144 S. Ct. 2244, 2273 (2024).  The Supreme Court's decision in *Loper Bright* made clear that it "[does] not call into question prior cases that relied on the *Chevron* framework."  *Id.*  And *Loper Bright* also made clear that the kind of argument on which Google relies for rehearing—that this Court's

interpretation of section 337 in *Suprema* should be overruled because it employed the *Chevron* framework—"is not enough to justify overruling a statutory precedent." *Id*.

Google offers the Court no other justification beyond the retirement of *Chevron* deference to reexamine *Suprema*. But *Suprema*'s interpretation of section 337 is entitled to statutory *stare decisis*, a particularly strong variant of *stare decisis* that can only be overcome in the presence of some "special justification." *Id.* Because *Loper Bright* is express that its overruling of *Chevron* does not provide such a "special justification," Google's petition must fail.

Setting aside *Loper Bright*'s repudiation of Google's purported justification for rehearing, this appeal also presents a poor vehicle to revisit *Suprema*'s holding that a section 337 violation may be predicated on the importation of articles that are used to induce infringement. *Suprema*, 796 F.3d at 1352-53. Most problematic is the fact that the appeal will become moot as to the only patent implicating induced infringement, U.S. Patent No. 10,439,896 ("the '896 patent"), when that patent expires on June 6, 2025, less than ten months from now. The likelihood that the appeal will become moot before this Court can reach an en banc decision is heightened by the fact that there was minimal briefing during the Commission proceedings below and the panel proceedings in this appeal concerning *Suprema* or

the proper interpretation of section 337.  Revisiting *Suprema* via en banc rehearing

of this appeal would mean briefing those issues from scratch in the rehearing.

Also problematic, Google's interpretation of section 337 is most certainly

not the "best" reading of the statute insomuch as it eschews the "traditional tools of

statutory construction."  *See Loper Bright*, 144 S. Ct. at 2266 ("In the business of

statutory interpretation, if it is not the best, it is not permissible."); *see also id.* at

2268 ("Courts interpret statutes … based on the traditional tools of statutory

construction.").  Rather, Google advances an atextual interpretation of section 337

that relieves it of responsibility for importing articles with which Google

indisputably induces patent infringement.  The Commission's interpretation of

section 337—affirmed in *Suprema* and relied upon by the Commission and the

parties appearing before it for more than a decade—is the correct and best reading

of section 337.  However, if there is a better reading, Google has not supplied it

here, and as such the Court should not use this appeal to revisit *Suprema*.

## II.     SUMMARY OF FACTS

### A.     The Patents and Claims Remaining at Issue

Two patents are relevant to Google's petition for rehearing:  the '896 patent

and U.S. Patent No. 9,219,959 ("the '959 patent").  Of these two patents, the '896

patent is the only patent that implicates a finding of induced infringement, but it

expires in less than ten months on June 6, 2025.  *See* Appx10156; ECF 87 (ITC

Letter regarding patent expiration).  The '896 patent is directed to techniques, using a computing device (*e.g.*, a smartphone), for connecting playback devices (*e.g.*, speakers) to a secure wireless network.  Appx10156 (Abstract), Appx10182 (1:29-32).  As of its post-hearing brief, Sonos asserted direct and induced infringement of claims 1, 5, 6, and 12 of the '896 patent—all apparatus claims—in the investigation below.

The '959 patent expires on September 11, 2027, and is directed to techniques for pairing individual playback devices (*e.g.*, speakers) to create a multi-channel listening environment (*e.g.*, a stereo-paired or surround-sound environment) and performing equalization of audio data depending on the type of pairing.  Appx10112 (Abstract); *see* ECF 87.  As of its post-hearing brief, Sonos asserted only direct infringement of claim 10 of the '959 patent—an apparatus claim—in the investigation below.

## B.     Sonos' Infringement Allegations and Google's Infringing Articles

The articles that infringe the '896 patent are certain Google Pixel devices on which the Google Home application is installed after importation.  Appx11-12.  Sonos alleged that those Pixel devices, with the Google Home application installed, directly infringed the asserted '896 patent claims.  Appx219.  Sonos also alleged that Google induced the infringement of those claims by its consumers who

4

installed the Google Home application on its imported Pixel devices and used

those devices within the United States.  Appx219; Appx228-229.

The articles that infringe the '959 patent are Google's Nest Audio speakers.

Appx10-11.[1]  Although Sonos argued during the early stages of the investigation

that Google directly infringed *and* induced infringement of claim 10 of the '959

patent, Sonos abandoned its inducement allegations as to claim 10 following the

evidentiary hearing.  Thus, with respect to the '959 patent, by the time the

Commission was making its final determination on violation, only Sonos'

allegation that Google's Nest Audio speakers directly infringed claim 10 as

imported was before the Commission.  Appx159-160; Appx167-173.

### C.    The Commission's Violation Determinations

The Commission determined that Google violated section 337 with respect

to both the '896 and '959 patents.[2]  As to the '896 patent, the Commission found

that Pixel devices installed with the Google Home application directly infringe

claims 1, 5, 6, and 12 of the '896 patent.  Appx219-228.  The Commission also

---

[1] Sonos alleged and the Commission found that Google's Home Max speakers also infringe claim 10 of the '959 patent, but Google discontinued those speakers in 2018.  Appx11 (text & n.16).

[2] Unless indicated otherwise, the Commission affirmed and/or supplemented the findings of the Chief Administrative Law Judge in his initial determination. Appx13.  Such findings have become those of the Commission under 5 U.S.C. § 557(b) and 19 C.F.R. §§ 210.42(h), 210.45(c).

found that Google induced that infringement, rejecting Google's argument that there can be no induced infringement because the installation and use of the Google Home application occurred after the Pixel devices were imported. Appx228-229 (citing Appx82-84 (section VI.B.1 of the initial determination)).

As to the '959 patent, and as noted above, the only infringement issue before the Commission was direct infringement.  Accordingly, the Commission found only that Google's Nest Audio speakers *directly* infringe claim 10.  Appx159-160; Appx167-173.  The Commission was not asked to, and did not, determine whether Google induces infringement of claim 10, and the Commission's ultimate finding of violation as to the '959 patent relied only on its direct infringement finding.  *See* Appx159-173.  To the extent that Google argued below that the Nest Audio speakers "do not infringe because the [claimed] functionality is not active unless actions are taken by a user," the Commission did not rely on induced infringement and/or *Suprema* to dispense with that argument.  Appx170.  Rather, the Commission relied on two of this Court's direct infringement precedents—*Fantasy Sports Properties, Inc. v. Sportsline.com, Inc.*, 287 F.3d 1108 (Fed. Cir. 2002), and *Finjan, Inc. v. Secure Computing Corp.*, 626 F.3d 1197, 1204-05 (Fed. Cir. 2010)—for the proposition that when "a user must activate the functions programmed into a piece of software by selecting those options, the user is only activating means that are *already present in the underlying software*."  *Fantasy*

6

*Sports*, 287 F.3d at 1118; *see also* Appx170-171 (citing *Fantasy Sports* and

*Finjan*).  Applying that proposition, the Commission found that the Nest Audio

speakers included the functionality recited in claim 10 "at the time of importation"

and thus directly infringed that claim.  Appx171; *see also* Appx173.

As remedies for Google's violations of section 337, the Commission issued

a limited exclusion order and a cease-and-desist order against Google.  Appx34.

Those orders remain in effect as to the '896 and '959 patents until the patents

expire on June 6, 2025, and September 11, 2027, respectively.

### D.    The Panel Proceedings

Google appealed the merits of the Commission's final determination that its

Pixel devices infringe the '896 patent, Google Br. at 28-36 (ECF 28), but did not

challenge the merits of the Commission's direct infringement finding as to the '959

patent, including the Commission's reliance on *Fantasy Sports* and *Finjan* when

finding that Google's Nest Audio speakers infringe the '959 patent as imported,

*see generally id*.  Relying solely on the dissent in *Suprema*, Google also argued

that neither group of products "infringe as imported" because (i) Sonos'

infringement theory as to the '896 patent requires installation and use of the

Google Home application, which is not installed on the Pixel devices at the time of

importation, and (ii) the Nest Audio speakers "are imported as standalone devices,

yet the '959 claims require a paired configuration."  *Id*. at 50-51.  The latter

argument, however, misapprehends claim 10 of the '959 patent[3] and incorrectly suggests that the Commission's violation finding as to the '959 patent was predicated on induced infringement.  *See* Appx159-173.

The panel affirmed all the Commission's findings that were before it, leaving intact the Commission's determination that Google violated section 337 as to the '896 and '959 patents based on its importation of its Pixel devices and Nest Audio speakers.  Slip Op. (ECF 90) at 6-22, 25.  As to Google's assertion that the Commission's authority under section 337 "is limited to cases in which the accused articles infringe at the time of importation, and that district courts are the proper forum for allegations of inducing post-importation infringement," the panel noted that it was bound by this Court's rejection of that argument in *Suprema*.  *Id*. at 25.

Following issuance of the panel opinion in this case, Google petitioned for en banc rehearing of the portion of the panel opinion that addressed *Suprema*. Google did not petition for rehearing of any other portion of the panel opinion. Google supplemented its petition for rehearing with a letter identifying the

---

[3] Claim 10 of the '959 patent does not "require a paired configuration" of speakers. Rather, claim 10 requires "[a] playback device" with "computer readable memory *comprising instructions encoded therein, wherein the instructions, when executed* … cause the playback device to" perform certain functions.  Appx10150 (3:66-4:28).  Thus, the actual presence of, and interaction with, a second speaker is not required for an imported standalone speaker to practice this claim.

Supreme Court's decision in *Loper Bright* as additional relevant precedent. Google's Not. Suppl. Authority (ECF 101) ("Google NSA").

## III.   EN BANC REHEARING SHOULD BE DENIED

The Court should deny Google's petition for en banc rehearing for at least two reasons.  First, the Supreme Court was explicit in *Loper Bright* that its retirement of *Chevron* deference going forward "[does] not call into question prior cases that relied on the *Chevron* framework."  *Loper Bright*, 144 S. Ct. at 2273.  In so holding, the Supreme Court rejected Google's sole justification for granting en banc rehearing in this appeal.  Second, this appeal presents a poor vehicle to revisit *Suprema* in any event.  Of the two patents remaining at issue, only the '896 patent is subject to an infringement finding that implicates *Suprema*, and that patent will expire in less than ten months.  Accordingly, there is a very real possibility that the *Suprema* issue in this appeal will become moot before the en banc Court can render a decision on it.  Moreover, the interpretation of section 337 that Google would have the Court adopt eschews the traditional tools of statutory construction and thus cannot be the correct interpretation.  For these reasons, as articulated below, the Court should deny Google's petition for rehearing.

### A.   *Loper Bright* **Does Not Provide the "Special Justification" Needed to Overcome Statutory** *Stare Decisis* **and Overrule** *Suprema*.

Google has raised only one justification for en banc rehearing of this appeal: "[t]his Court should grant rehearing en banc to reconsider the scope of Section

9

337(a)(1)(B)(i) in light of the Supreme Court's reconsideration of *Chevron* deference in *Loper Bright.*" Google Pet. (ECF 98) at 8. Google's petition for rehearing preceded the Supreme Court's ultimate decision in *Loper Bright* and thus necessarily relied on speculation about the decision. While *Loper Bright* overruled the *Chevron* deference framework, it explicitly cautioned that its holding should not serve as a basis to revisit precedents that construed statutes under *Chevron*.

Specifically, the Court explained that it did "not call into question prior cases that relied on the *Chevron* framework," and that the "holdings of those cases that specific agency actions are lawful" are "subject to statutory *stare decisis* despite our change in interpretive methodology." 144 S. Ct. at 2273. The Court also explained that "[m]ere reliance on *Chevron* cannot constitute a 'special justification' for overruling such a holding, because to say a precedent relied on *Chevron* is, at best, 'just an argument that the precedent was wrongly decided.'" *Id.* (quoting *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 266 (2014); *Dickerson v. United States*, 530 U.S. 428, 443 (2000)). Such an argument, "is not enough to justify overruling a statutory precedent." *Id.* So too, Google's justification for revisiting *Suprema—i.e.*, that decision's reliance on the now-overruled *Chevron* framework, Google Pet. at 3, 8-10—is "not enough to justify overruling" *Suprema. See Loper Bright*, 144 S. Ct. at 2273.

Google recognizes the importance of the above-quoted portions of *Loper Bright* insomuch as it contends that "the panel's decision in this case cannot be justified by *stare decisis*, which at most could support retaining '[t]he holdings of [prior] cases that *specific agency actions* are lawful.'"  Google NSA at 2 (quoting *Loper Bright* at 2273 (emphasis Google's)).  However, Google misreads *Loper Bright* and misunderstands statutory *stare decisis*.  Specifically, Google's emphasis of the phrase "specific agency actions," combined with its musings about "[w]hatever the legal status of the agency action in *Suprema*" may be, Google NSA at 2, suggests that Google reads *Loper Bright*'s invocation of "statutory *stare decisis*" to apply to the particular facts and outcome of the underlying investigation in *Suprema*, but not to *Suprema*'s broader holding interpreting section 337.  That reading cannot be right.

First, Google's reading of *Loper Bright* conflates *stare decisis* with the finality of individual judgments.  The Commission's finding of violation and issuance of remedial orders in *Suprema* is settled, but not because of the "statutory *stare decisis*" referenced in *Loper Bright*.  Rather, the Commission's violation finding and issuance of remedial orders in that investigation are settled matters because they are final and unappealable.  *See Talasila, Inc. v. United States*, 36 F. App'x 430, 431 (Fed. Cir. 2002) ("We have held that once a judgment has become final and unappealable, a change in the law will not justify relief under Rule

60(b).") (citing *W.L. Gore & Assocs., Inc. v. C.R. Bard, Inc.*, 977 F.2d 558, 560-63 (Fed. Cir. 1992)).  The continued validity of the violation determination and remedy underlying *Suprema* is a matter of the finality of judgments, not statutory *stare decisis*.

While the finality of a judgment is concerned only with the circumstances in which a particular judgment may be set aside, *stare decisis* "makes each judgment a statement of the law, or precedent, binding *in future cases* before the same court." *Preminger v. Sec'y of Veterans Affs.*, 517 F.3d 1299, 1309 (Fed. Cir. 2008) (emphasis added); *see also Kimble v. Marvel Ent., LLC*, 576 U.S. 446, 455-56 (2015).  Google's reading of *Loper Bright* fails to grasp that distinction.  Under Google's reading, the only decision that would owe fidelity to a prior precedent due to *stare decisis* would be the decision creating the precedent in the first place.  That tautological view of *stare decisis* hardly "promotes the evenhanded, predictable, and consistent development of legal principles, fosters reliance on judicial decisions, [or] contributes to the actual and perceived integrity of the judicial process." *Payne v. Tennessee*, 501 U.S. 808, 827 (1991).

Moreover, Google's recognition that *Suprema* is *the* impediment to the relief it seeks on rehearing demonstrates that this appeal involves the same "specific agency action" that was at issue in *Suprema*, *i.e.*, the Commission's determination of a violation of section 337 based on the inducement of infringement with

imported articles.  Google cannot simultaneously claim that this Court's decision in *Suprema* addressed the lawfulness of a *different* agency action to avoid *stare decisis* while also conceding that *Suprema* is controlling on the question for which it seeks rehearing.

Google also fails to appreciate the significance of the word "statutory" in *Loper Bright*'s reference to "statutory *stare decisis*."  *Loper Bright*, 144 S. Ct. at 2273.  Statutory *stare decisis* refers specifically to the application of *stare decisis* to a prior precedent's interpretation of a statutory provision.  *See, e.g.*, *Kimble*, 576 U.S. at 456 ("[S]*tare decisis* carries enhanced force when a decision … interprets a statute.").  By invoking "statutory *stare decisis*" specifically, *Loper Bright* makes clear that it is addressing the continued validity of holdings that interpreted statutory provisions and not merely the specific outcomes of the cases in which those holdings appear.  In *Suprema*, this Court held that the phrase "articles that infringe" in section 337 "covers goods that were used by an importer to directly infringe post-importation as a result of the seller's inducement."  *Suprema*, 796 F.3d at 1352-53.  That sound statutory interpretation is due the enhanced force of statutory *stare decisis* even though the interpretive methodology on which it relied has been retired.  *See CBOCS W., Inc. v. Humphries*, 553 U.S. 442, 457 (2008) ("Principles of *stare decisis* … demand respect for precedent whether judicial methods of interpretation change or stay the same.").

**B.**    **This Case is a Poor Vehicle to Revisit *Suprema*.**

Even without the impediments of statutory *stare decisis* and *Loper Bright*'s

admonition, the Court should still deny the petition because this appeal is a poor

vehicle for revisiting *Suprema*.  Specifically, the *Suprema* issue raised in Google's

petition will become moot on June 6, 2025, when the '896 patent expires, leaving

less than ten months for the Court to render an en banc decision before there is no

longer a live dispute.  To the extent Google's petition suggests that the

Commission's violation finding as to the '959 patent relied on *Suprema*, that

suggestion does not stand up to any amount of scrutiny.

*Suprema* addresses "whether goods qualify as 'articles that infringe' when

the Commission has found that such goods were used, after importation, to directly

infringe by the importer at the inducement of the goods' seller."  *Suprema*, 796

F.3d at 1345.  Here, only the Commission's violation finding with respect to the

'896 patent implicates induced infringement and *Suprema*'s reasoning.  Appx228-

229 (citing Appx82-84).  The Commission's final determination with respect to the

'959 patent is one of direct infringement only.  Appx159-173.  Indeed, the

Commission found that Google's Nest Audio devices directly infringed claim 10 of

the '959 patent, without any reliance on *Suprema*.  Appx159-173.  The

Commission did not adjudicate induced infringement as to the '959 patent because

that issue, though raised earlier in the case, was abandoned by Sonos.  Google

cannot now use the '959 patent to preserve its *Suprema* challenge beyond the life of the '896 patent.

Mootness aside, this appeal is also a poor vehicle to revisit *Suprema* because the alternate interpretation of section 337 that Google urges the Court to adopt eschews the "traditional tools of statutory construction" and therefore cannot be correct. *Loper Bright*, 144 S. Ct. at 2266. First, Google's interpretation is fatally atextual insomuch as it depends on reading the phrase "at the time of importation" into section 337, despite the absence of that phrase anywhere in the statute. *See* Google Br. at 51 ("Google submits that [the Commission's] authority is limited to cases in which the accused articles infringe at the time of importation."). Second, Google's interpretation urges the Court to define infringement differently under section 337 than under the Patent Act, again without any textual indication of such Congressional intent, and despite the fact that Congress first defined infringement explicitly in § 271 of the Patent Act of 1952 and only later introduced the phrase "articles that infringe" to section 337 in 1988. *See* Google Pet. at 11; *see also* Patent Act of 1952, Pub. L. No. 82-593, ch. 950, 66 Stat. 792, 811 (defining infringement); Omnibus Trade and Competitiveness Act of 1988, Pub. L. No. 100-418, § 1342(a), 102 Stat. 1107, 1212 (introducing "articles that infringe" to section 337). Congress gave no indication that infringement should have a different meaning in section 337 than the one it had already been given in 35 U.S.C. § 271.

And third, as *Suprema* correctly recognized, an interpretation like Google's would "eliminate[] trade relief under Section 337 for induced infringement and potentially for all types of infringement of method claims," again, without any indication that Congress intended such a fragmented understanding of patent infringement in section 337. *Suprema*, 796 F.3d at 1340. Google fails to advance a "better" statutory interpretation that addresses these concerns.

### C.    If En Banc Rehearing is Granted, the Commission Requests an Opportunity to Submit Additional Briefing on the Merits.

The Commission maintains, as it did when *Suprema* was decided, that its interpretation of section 337 is correct. "Infringement" had a carefully crafted and expressly defined meaning when § 271 was enacted in 1952. *See* Pub. L. No. 82-593, ch. 950, 66 Stat. at 811. When Congress added the phrase "articles that infringe" to section 337 in 1988, it knew of that meaning and gave no indication that infringement should mean something different in section 337. *See* Pub. L. No. 100-418, § 1342(a), 102 Stat. at 1112. As such, the best reading of section 337, and the one that does not conflict with the traditional tools of statutory construction, is that where an imported article infringes under 35 U.S.C. § 271, including under § 271(b), that is sufficient to establish the existence of "articles that infringe" under section 337. Nonetheless, if the Court opts to grant rehearing, the Commission requests an opportunity to submit additional briefing on the merits. Other than the limited briefing on the instant petition, the propriety of

overruling *Suprema* and the accuracy of Google's proposed interpretation of section 337 are wholly new issues that should be thoroughly developed before the Court potentially takes the exceptional step of altering a statutory interpretation that has been settled and relied upon for nearly a decade.

## IV.    CONCLUSION

For the reasons given above, the Court should deny Google's petition for en banc rehearing.

Respectfully Submitted,

*/s/ Richard P. Hadorn*
DOMINIC L. BIANCHI
General Counsel

WAYNE W. HERRINGTON
Assistant General Counsel

RICHARD P. HADORN
BENJAMIN S. RICHARDS
Attorneys for Appellee
Office of the General Counsel
U.S. International Trade Commission
500 E Street, SW, Suite 707
Washington, DC 20436
Telephone: (202) 205-3179
richard.hadorn@usitc.gov
benjamin.richards@usitc.gov

*Counsel for Appellee*
*International Trade Commission*

Date:  August 8, 2024

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME
LIMITATION, TYPEFACE, AND TYPE STYLE REQUIREMENTS**

Pursuant to Federal Rule of Appellate Procedure 32(g)(1) and Federal

Circuit Rule 35(e)(2), I hereby certify that the attached response complies with the

type-volume limitation and typeface requirements of Federal Rules of Appellate

Procedure 32(a), 32(c), 32(f), and 35(e) and Federal Circuit Rules 32(b)(2) and

35(e)(2).  The response has been prepared in a proportionally-spaced typeface

using Microsoft Office 365, in Times New Roman 14-point font.  The response

contains a total of 3,845 words, obtained from the word-count function of the

word-processing system, including all footnotes and annotations.

*/s/ Richard P. Hadorn*
RICHARD P. HADORN
Attorney for Appellee
Office of the General Counsel
U.S. International Trade Commission
500 E Street, SW, Suite 707
Washington, DC 20436
Telephone: (202) 205-3179
richard.hadorn@usitc.gov

*Counsel for Appellee*
*International Trade Commission*

Date: August 8, 2024